UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| BEST WERSTERN INTERNATIONAL, INC., | )<br>)<br>) |
| Plaintiff, | ) 2:10-cv-02290 JWS<br>) |
| vs. | ) ORDER AND OPINION<br>) |
| COASTLINE RE HOLDINGS CORP., | ) [Re: Motion at Docket 9]<br>) |
| Defendant. | )<br>) |

**I. MOTION PRESENTED**

At docket 9, defendant Coastline RE Holdings Corp. ("Coastline") moves pursuant to Federal Rule 12(b)(2) to dismiss for lack of personal jurisdiction. In the alternative, Coastline moves pursuant to Federal Rule 12(b)(3) for change of venue. Plaintiff Best Western International, Inc. ("Best Western") opposes the motion at docket 10. Coastline's reply is at docket 11. Oral argument was requested but would not assist the court.

**II. BACKGROUND**

This is an action for trademark infringement. Best Western is an Arizona corporation that operates as a membership organization. Membership is made up of

individually owned and operated hotels.  Only members are licensed to use Best Western's marks.  In 2006, Best Western entered into a membership agreement with Golden Investments, which licensed the use of Best Western's marks at the Nellis Motor Inn, a Las Vegas, Nevada, motel.  In April of 2010, the membership agreement and corresponding license were terminated.

Pacific Western Bank held a lien against the Nellis Motor Inn, "pursuant to various loan agreements" with Golden Investments.[1]  In June of 2010, Pacific Western Bank foreclosed on its lien.  Coastline is a holding company, incorporated in California, that allegedly "shares corporate offices and corporate officers with Pacific Western Bank."[2]  Coastline purchased the Nellis Motor Inn at a trustee's sale on June 28, 2010. Best Western maintains that Coastline "intentionally and unlawfully" used Best Western's marks from the date of its purchase "until at least August 12, 2010."[3]

### III.  STANDARD OF REVIEW

"Where a defendant moves to dismiss a complaint [pursuant to Federal Rule of Civil Procedure 12(b)(2),] for lack of personal jurisdiction, the plaintiff bears the burden of establishing that a court has personal jurisdiction over a defendant."[4]  Where the motion is based only upon written materials, rather than an evidentiary hearing, the plaintiff is required only to make a prima facie showing of personal jurisdiction.[5]

---

[1] Doc. 1 ¶ 17.

[2] Doc. 10 at 2.

[3] Doc. 1 ¶ 21.

[4] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

[5] *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

Uncontroverted allegations in the complaint are taken as true, and conflicts between parties over statements contained in affidavits are resolved in favor of the plaintiff.[6]

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."[7] Arizona's long-arm statute authorizes the exercise of jurisdiction to the extent permitted by federal due process requirements.[8]  Due process requires that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[9]

### IV.  DISCUSSION

Best Western presents two arguments supporting personal jurisdiction.  First, Best Western asserts that "Coastline owns significant real property in the State of Arizona" and substantial "loans secured by Arizona real estate."[10]  Best Western maintains that Coastline's property holdings render the exercise of general jurisdiction appropriate.  Second, Best Western argues that Coastline's knowing infringement of Best Western's marks caused harm in Arizona, rendering the exercise of specific jurisdiction appropriate.  Each argument will be addressed in turn.

---

[6] *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009).

[7] *Fred Martin Motor Co.*, 374 F.3d at 800.

[8] *Manufacturers' Leases Plan, Inc. v. Alverson Draughon College*, 565 P.2d 864, 865 (1977).

[9] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted).

[10] Doc. 10 at 3, 4.

**A. General Jurisdiction**

"For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in continuous and systematic general business contacts, that approximate physical presence in the state."[11]  "This is an exacting standard . . . because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."[12]

Coastline maintains that it "conducts no business operations whatsoever in Arizona."[13]  Although Coastline admittedly "holds title to several foreclosed properties in Arizona, [it] does not manage or control them."[14]  In *Shaffer v. Heitner*,[15] the Supreme Court stated that while "the presence of . . . property in a state might suggest the existence of other ties among the defendant, the State, and the litigation, the presence of the property alone would not support the State's jurisdiction."  Coastline's property in Arizona is therefore insufficient to support general jurisdiction.

Similarly, loans secured by real property in Arizona do not support general jurisdiction.  Coastline points to several out-of-district cases in support of its argument that Coastline's business contacts in Arizona are neither continuous nor systematic.  While those cases are not binding, their rationale is sound.  The court agrees that "[w]hen a defendant's forum activities consist solely of holding mortgages secured by

---

[11] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

[12] *Id.*

[13] Doc. 9-1 ¶ 8.

[14] Doc. 9 at 5.

[15] 433 U.S. 186, 209 (1977).

-4-

property in the forum state, the contacts cannot be characterized as continuous or systematic such that an exercise of general personal jurisdiction would be permissible."[16]  This legal conclusion assumes the absence of real property holdings.[17] Therefore, the precise question in the case at bar differs from the questions presented in the persuasive authority cited by defendants because Coastline has real property in Arizona.

To the extent Coastline does "business," it does business in Arizona.  Even in the aggregate, however, Coastline's contacts with Arizona are not continuous or systematic. Presumably fleeting ownership of properties in Arizona "acquired through foreclosure" is not continuous.[18]  Loans secured by real property are neither continuous nor systematic. The fact that Coastline has foreclosed on some of those loans does not change the nature of the contacts themselves.  Coastline's contacts do not support the exercise of general jurisdiction.

**B. Specific Jurisdiction**

Specific jurisdiction "exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of

---

[16] *Williams v. Firstplus Home Loan Trust,* 209 F.R.D. 404, 411 (W.D. Tenn. 2002).

[17] *See id.* (relying on *Barry v. Mortgage Servicing Acquisition Corp.*, 909 F. Supp. 65 (D. R.I. 1995), where defendants had "no . . . real property" in the forum).

[18] Doc. 9 at 4.

or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable."[19]

The first prong depends on "whether a defendant 'purposefully directs his activities' at the forum state" and courts apply "an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum."[20]  The Ninth Circuit has construed the effects test to comprise three prongs: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."[21]

Plaintiff argues that specific jurisdiction is appropriate because "Coastline knew it had no right to use the Best Western [m]arks in connection with the hotel, knew the [marks] were registered trademarks of Best Western, and caused injury to Best Western in Arizona."[22]  Best Western cites *Indianapolis Colts v. Metropolitan Baltimore Football Club*[23]  in support of its argument.  In that case, the Seventh Circuit found that "[b]y choosing a name that might be found to be confusingly similar to that of the [plaintiff], the defendants assumed the risk of injuring valuable property located in Indiana."[24]  The

---

[19] *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

[20] *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

[21] *Id.*

[22] Doc. 10 at 5.

[23] 34 F.3d 410 (7th Cir. 1994).

[24] *Id.* at 411.

court determined its conclusion was supported by *Calder v. Jones*,[25] the source of the effects test.[26]

The court need not apply the Seventh Circuit's reasoning in *Indianapolis Colts* to the facts at bar because the Ninth Circuit has determined that the *Calder* effects test requires express aiming at the forum state.[27]  Here, Coastline's purchase of the Nellis Motor Inn was not expressly aimed at Arizona.  Moreover, even if Coastline knew it was infringing on Best Western's marks, Best Western has not shown that Coastline's failure to immediately rectify such infringement was expressly aimed at Arizona.  The circumstances do not give rise to specific jurisdiction over Coastline.

The court's conclusion with respect to the jurisdictional question renders moot discussion of Coastline's alternatively-drafted motion for change of venue.

## V.  CONCLUSION

For the foregoing reasons, Coastline's motion at docket 9 to dismiss the case pursuant to Federal Rule 12(b)(2) for lack of personal jurisdiction is **GRANTED,** and the case is **DISMISSED** without prejudice for lack of personal jurisdiction.

DATED this 26th day of January 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[25] 465 U.S. 783 (1984).

[26] *Id.* at 789–90.

[27] *Schwarzenegger*, 374 F.3d at 803.